# Watson *v.* Holly.

## *Action for Breach of Contract.*

1.- *Possession of land under agreement for quiet use and enjoyment; surrender of same to third person claiming paramount title; burden of proving such paramount title, &c.*—One, on entering lands under an agreement for quiet use and enjoyment, may voluntarily yield possession to a third person having a paramount title, without awaiting eviction by legal process; but, in that event, he assumes the burden of proving the superiority of the title to which he yielded or abandoned possession, if it should become necessary, in a suit for breach of such agreement.

2. *Same.*—Where, by the very agreement for quiet use and possession, the title of him who brought ejectment is admitted to be paramount to that of the party under whom the possessor holds, it is both the right and duty of the possessor to yield possession to the party having paramount title, without engaging in fruitless litigation.

3. *Same; action for breach of contract for quiet use, &c.; parol proof to aid record proof as to the ejectment suit.*—Where the covenantee in a suit for the breach of a covenant for quiet use and enjoyment for a term of years, introduces the record of an ejectment suit, wherein there was a recovery by one having a paramount title, and a judgment for damages for use and occupation, not disclosing affirmatively the period of occupation, the covenantor—not being a party or privy to the suit—may show by parol that there was no recovery for a portion of the time of the covenantor's occupancy.

APPEAL from Circuit Court of Covington.

Tried before the Hon. P. O. HARPER.

This was an action brought against E. P. Holly, the appellee, by E. Watson, the appellant, for the alleged violation of a contract, or covenant, made between said parties, whereby it was agreed, that in consideration of said Watson cancelling a valid contract between himself and Holly for the sale of a certain tract of land, the defendant, Holly, would give the plaintiff, Watson, the value of the use and occupation of a certain tract of land, for the term of three years from the date of said agreement, and pay plaintiff for all valuable

[Watson v. Holly.]

improvements he should make thereon. After said contract had been entered into, and before this action, one Alfred Holley brought an ejectment suit against the plaintiff, Watson, and Watson yielded the possession of said premises to said Alfred Holly, because of the superior title of said Holly. The plaintiff claims that this was a breach of the contract between him and defendant, for, by said eviction by said Alfred Holly, he was forced to give up the premises and all of his valuable improvements, and was compelled to pay damages for use and occupation during the time he was in possession. The defendant pleaded the general issue. The jury gave a verdict for the defendant, and the plaintiff now appeals from the decision of the court below. There are several assignments of error, which need not be set out, as those material to a decision may be inferred from the opinion.

W. D. ROBERTS, J. W. GAMBLE and J. E. P. FLOURNOY, for appellants.

J. M. WHITEHEAD, contra.

No briefs came to Reporter.

BRICKELL, C. J.—The appellant's action is founded on an alleged agreement of rescission of a purchase of lands, made with the appellee, whereby he promised in consideration of the appellants' consent to such rescission, that the appellant should occupy the lands for three years free of rent, and should be paid for such valuable improvements as he had made, or should make during that term. The breach averred is, that the appellant was evicted from the possession by one Alfred Holly, who had the title paramount, whereby he lost the use and occupation of the premises, and the improvements made thereon, and was compelled to pay damages for use and occupation during the time he was in possession. The only plea shown by the record is the *general issue*. The plaintiff offered evidence tending to prove the agreement as alleged—that he had made valuable improvements on the premises, and that he was compelled to yield possession to said Alfred Holly, who had the superior title. The record of a suit in ejectment, and recovery of judgment, with damages for the use and occupation, by said Alfred Holly, against appellant, was given in evidence, and it does not seem to have been controverted that he had the paramount title. During the pendency of the suit, the

[Watson v. Holly.]

appellant voluntarily abandoned possession of the premises. The appellee was permitted, against the objection of the appellant, to prove by parol that in the ejectment suit there was no recovery for use and occupation, for one year of the time; appellant insisted it was agreed he should occupy free from rent.

We do not perceive any just ground of objection to the evidence. It was certainly competent for the appellee to show that there was a partial performance of the agreement it is alleged he had made—or that the appellant had received partially the benefits of the agreement. The judgment in the ejectment suit does not affirmatively disclose the period of use and occupation for which the damages were recovered. And in no event was that judgment conclusive on the appellee, who was not a party or privy to it. Neither the pleadings or the instructions of the court to the jury require us to determine whether the contract averred is offensive to the statute of frauds. It seeems to have been regarded as valid, and the whole controversy resolved into an inquiry as to its existence in fact, and whether there was evidence of its breach. The court by two of its instructions denied the appellant's right of recovery, if he voluntarily abandoned possession, without awaiting eviction by legal process in the ejectment suit of Alfred Holly. These instructions were erroneous. The agreement, the appellant asserts, entitled him, if valid, to the quiet enjoyment of the premises for three years free from rent. The appellee was bound to support and maintain him in the possession. A breach of the obligation resting on the appellee is shown, when it appears the appellant yielded or abandoned possession to a valid claim, against which he could not defend, and which was paramount to any right or title of the appellee. The appellant was not bound to engage in useless and expensive litigation. The contract of purchase was rescinded, because of the inability of the appellee to make title to the premises, and because of the refusal of Alfred Holly, in whom the title resided, to ratify the bargain and sale to the appellant, made by the appellee. It was the right and duty of the appellant, when Alfred Holly, by suit, asserted his title—a title the very terms of the rescission of the contract of purchase admitted was paramount, and must prevail—to yield to it, without engaging in litigation, necessarily fruitless. The covenantee of a covenant, for quiet enjoyment, may voluntarily yield possession to a paramount title, without awaiting eviction by legal process. When he so yields, ordinarily, he

[City Council of Eufaula v. Hickman.]

assumes the burden of proving, when it becomes necessary, the superiority of the title of the person entering, or to whom he surrenders or abandons possession.—*Hamilton v. Cutts*, 4 Mass. 349; *Stone v. Hooker*, 9 Cow. 154; *Greenvault v. Davis*, 4 Hill (N. Y.) 643. The rule is applicable to this case. It seems to be an admitted fact, that the rescission of the original contract of purchase, was because of the appellee's inability to obtain Alfred Holly's approval of the sale, and his conveyance of title. It would be compelling mere vexatious litigation, to require the appellant to await eviction by legal process in the suit by Alfred Holly.

The several charges requested by the appellant were properly refused, because, as they are framed, they assume there was evidence that appellant had paid the damages recovered of him by Alfred Holly, and rest the right of recovery in part on the fact of such payment. There was not, so far as the bill of exceptions discloses, any evidence that such payment had been made. A charge assuming a fact as proved, which is not, or assuming there *is* evidence of a fact, when none has been given, is properly refused.—1 Brick. Dig. §§ 64–5.

We decline passing on any other question the assignments of error may involve, as the case may hereafter be presented in a different aspect, and under a different state of pleading.

The judgment is reversed and the cause remanded.